UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT WIMBUSH,**

    **Petitioner,**

v.                                          Case No. 8:22-cv-205-MSS-TGW
                                                                Case No.: 8:20-cr-270-MSS-TGW

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

**ORDER**

Petitioner Robert Wimbush moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1) Wimbush pleaded guilty to conspiring to distribute and possess with the intent to distribute cocaine. He was sentenced as a career offender to 92 months. He challenges his sentence on the grounds that he received constitutionally ineffective assistance of counsel. He is entitled to no relief because his claims are foreclosed by binding precedent.

**I.  Background**

Wimbush pleaded guilty under a plea agreement to one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Crim. Doc. 244) He was sentenced as a career offender under U.S.S.G. § 4B1.1 because of his 2004 Florida felony conviction for delivery of cocaine and his 2011 Florida felony conviction for delivery of MDMA. (Crim. Doc. 344 at ¶¶ 64, 83, 95) Wimbush's total offense level of 29 and his criminal history category of VI produced an advisory guidelines range of 151 to 188 months. (*Id.* at ¶ 150)

At sentencing, Wimbush's counsel urged the Court to impose a 60-month sentence, arguing that Wimbush's coconspirators received short sentences despite being responsible for more drug transactions involving larger quantities of more serious drugs. (Crim. Doc. 483 at 25–26) The district court rejected that request, noting that "the defendant had a substantially greater criminal history than [the coconspirators]." (*Id*. at 45) The district court, however, varied downward "to reflect . . . the over-impact of the defendant's criminal history, the period of time during which the defendant is being considered for career offender having been for a short overlap period of time." (*Id*. at 46) Wimbush was sentenced to 92 months. (Crim. Doc. 357) He filed no appeal.

Instead, Wimbush filed a § 2255 motion in which he argues that counsel was constitutionally ineffective for not arguing that (1) 21 U.S.C. §§ 841 and 846 are not controlled substance offenses under the career offender sentencing guideline because they are unconstitutionally vague (Ground One), (2) 21 U.S.C. § 841 and Fla. Stat. § 893.13 are not controlled substance offenses because they lack an element of mens rea (Ground Two), and (3) conspiracy offenses are not controlled substance offenses (Ground Three). Wimbush claims he is entitled to resentencing without the career offender enhancement.

## II.   Discussion

To succeed on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, the district court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*) (citations omitted).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citations omitted). Indeed, "it does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Waters*, 46 F.3d at 1522.

A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 2004).

### A. Ground One: Failure to challenge 21 U.S.C. §§ 841 and 846 as unconstitutionally vague

Wimbush claims that counsel was ineffective for not challenging 21 U.S.C. §§ 841 and 846 as unconstitutionally vague. He contends that these statutes are not controlled substance

offenses under the career offender sentencing guideline because the text of neither statute contains a penalty provision. (Civ. Doc. 1 at 2–8; Civ. Doc. 9 at 2–3)

Wimbush's claim is foreclosed by binding precedent. The Eleventh Circuit has specifically held that the argument Wimbush advances in Ground One "borders on the frivolous." *See United States v. Jackson*, 812 F. App'x 885, 896 (11th Cir. 2020) (rejecting as frivolous the defendant's argument that § 841(a) "does not qualify as a controlled substance offense under § 4B1.1 because § 841(a) 'contains no penalty provision and therefore does not categorically define a federal felony offense'"). "The penalty provisions for a violation of § 841(a) are provided by § 841(b). Under § 841(b)(1), any violation of § 841(a) is 'punishable by a term of imprisonment exceeding one year.'" *Id*. Wimbush was convicted of violating §§ 841 and 846, which constitute felony controlled substance offenses for purposes of the career offender sentencing enhancement. *See United States v. Williams*, 718 F. App'x 80, 896–97 (11th Cir. 2017) (affirming the career offender enhancement because the defendant was convicted of "a felony controlled substance offense under §§ 841(a), 841(b), and 846" and had at least two prior felony controlled substance offenses) (citing *United States v. Evans*, 358 F.3d 1311, 1312 (11th Cir. 2014)). Wimbush cannot show counsel was ineffective for not advancing this meritless (and frivolous) claim. *See Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019) ("Defense counsel . . . need not make meritless motions or lodge futile objections."); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance.").

### B.  Ground Two: Failure to argue 21 U.S.C. § 841 and Fla. Stat. § 893.13 are not controlled substance offenses because they lack a mens rea element

Wimbush claims that counsel was ineffective for not arguing that 21 U.S.C. § 841 and Fla. Stat. § 893.13 are not controlled substance offenses because they lack an element of mens rea.  (Civ. Doc. 1 at 8–9; Civ. Doc. 9 at 3–4)

Again, Wimbush's claim is foreclosed by binding precedent, and counsel is not ineffective for not advancing a meritless claim.  In *United States v. Smith*, 775 F.3d 1262, 1268–69 (11th Cir. 2014), the Eleventh Circuit held that Fla. Stat. § 893.13(1) is both a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense" under U.S.S.G. § 4B1.2(b), stating "[n]either definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance."  The Eleventh Circuit has subsequently reaffirmed *Smith* in published and unpublished decisions.  *See United States v. Hameen*, Nos. 19-14279 and 22-12968, 2023 WL 6053541, at *10 (11th Cir. Sept. 18, 2023) (concluding that "[the defendant's] challenge that his Florida drug convictions under Fla. Stat. § 893.13 do not qualify as controlled substance offenses under the Guidelines . . . is foreclosed by our binding precedent in *Smith*"); *United States v. Agerton*, No. 22-10194, 2023 WL 5537057, at *4 (11th Cir. Aug. 29, 2023) (same); *United States v. Bishop*, 940 F.3d 1242, 1253–54 (11th Cir. 2019) (affirming *Smith*'s holding that convictions under Fla. Stat. § 893.13 qualify as controlled substance offenses under the guidelines notwithstanding the lack of a mens rea element); *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) ("We are bound to follow *Smith*.").  Furthermore, as explained *supra*, binding precedent precludes Wimbush's assertion that 21 U.S.C. § 841 is not a controlled substance offense.

### C. Ground Three: Failure to argue that conspiracy is not a controlled substance offense

Wimbush claims that counsel was ineffective for not arguing that his conspiracy conviction was not a controlled substance offense. (Civ. Doc. 1 at 9–11; Civ. Doc. 9 at 4–5) Wimbush points to *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*), which was issued approximately 18 months after he was sentenced, in which the Eleventh Circuit held that "the definition of 'controlled substance offenses in § 4B1.2(b) does not include inchoate offenses" like conspiracy.[1]

Wimbush cannot show counsel performed deficiently by failing to anticipate *Dupree*. *See Washington v. United States*, No. 8:20-cv-1972-VMC-TGW, 2021 WL 2949527, at *6 (M.D. Fla. July 14, 2021) ("[C]ounsel's performance was not deficient because he was not required to act in anticipation of [a change in binding precedent.]"). The Eleventh Circuit has consistently held that "[a]n attorney's failure to anticipate a change in the law does not constitute ineffective assistance." *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019); *see also Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law."). And, even if non-binding precedent existed from which counsel could have formulated a challenge to the career offender enhancement, counsel is not deficient for failing to do so. *See Bajorski v. United States*, 276 F. App'x 952, 954 (11th Cir. 2008) ("Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance."); *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013) ("[I]t generally does not fall below the objective standard of

---

[1] Wimbush was sentenced June 25, 2021. (Crim. Doc. 357) Approximately 18 months later, on January 18, 2023, the Eleventh Circuit issued *Dupree*.

6

reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming [appellate] decision."); *Pitts v. Cook*, 923 F.2d 1568, 1573–74 (11th Cir. 1991)("[L]awyers rarely, if ever, are required to be innovative to perform within the wide range of conduct that encompasses the reasonably effective representation mandated by the Constitution.").

At the time of Wimbush's sentencing, *United States v. Weir*, 51 F.3d 1031 (11th Cir. 1995), *overruled by Dupree*, 57 F.4th at 1279, was binding precedent. *Weir* held that conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846 constitutes a controlled substance offense for purposes of the career offender enhancement. Counsel's strategic decision not to raise this challenge to the career offender enhancement was not unreasonable given that *Weir* foreclosed such a challenge at the time of sentencing. *See Massey v. United States*, No. 2:23-cv-440-SPC-NPM, 2024 WL 22060, at *3 (M.D. Fla. Jan. 2, 2024) (ruling that counsel was not ineffective for not anticipating *Dupree* because *Weir* was binding precedent at time of sentencing); *Williams v. United states*, No. 21-cv-252-WS-B, 2024 WL 1098762, at *11 (S.D. Ala. Feb. 15, 2024) (same); *see also Jones v. United States*, 224 F.3d 1251, 1257–58 (11th Cir. 2000) ("Since the district court would be required to follow the law of this circuit until it was overruled by the Supreme Court or an *en banc* panel of [the circuit court], it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the law. . . . [We] are not prepared to say categorically that counsel's failure to [preserve an argument on which] a ruling would be forthcoming . . . constitute[s] prejudicial, ineffective nonfeasance while the law was still unsettled."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many

times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.") (quotations omitted).

*Dupree* now affords Wimbush no relief because it is not retroactive. "For a new rule to be retroactive, the Supreme Court must make it retroactive on collateral review." *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000). The Supreme Court has not done so. *See Seymore v. United States*, No. 2:23-cv-469-SPC-NPM, 2024 WL 50805, at *6 (M.D. Fla. Jan. 4, 2024) (concluding that *Dupree* affords petitioner no relief because it does not apply retroactively on collateral review and counsel was not ineffective "for failing to object to a [career offender] designation dictated by binding law at the time of the allegedly deficient performance"); *United States v. Lee*, No. 8:18-cv-1111, 2023 WL 1781648, at *3 (M.D. Fla. Feb. 6, 2023) (same).

### III. Conclusion

Accordingly, Wimbush's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**. The **CLERK** is directed to enter a judgment against Wimbush, to **CLOSE** this case, and to enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Wimbush is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Wimbush must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Wimbush has not shown that reasonable jurists would debate either the merits of the claims or the procedural issues. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Wimbush must obtain permission from the circuit court to appeal *in forma pauperis*.

      **DONE and ORDERED** in Chambers in Tampa, Florida, this 15th day of April, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE